MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER L. WANGER (Bar No. CA 164751)
cwanger@manatt.com
WILLIAM T. BROOME (Bar No. CA 274914)
wbroome@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff
MELISSA YSAIS, as trustee of the WILLIAM A. NOGUERA
REVOCABLE TRUST

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MELISSA YSAIS, as trustee of the WILLIAM A. NOGUERA REVOCABLE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID FERGUSON, an individual, AND the INSTITUTE FOR UNPOPULAR CULTURE, a suspended corporation,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** FOR:<br><br>(1) COPYRIGHT INFRINGEMENT;<br><br>(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>(3) VIOLATION OF THE LANHAM ACT; AND<br><br>(4) VIOLATION OF CAL. BUS. & PROF. CODE § 17200<br><br>[JURY TRIAL DEMANDED] |

310535941.4

COMPLAINT

Plaintiff Melissa Ysais, in her capacity as trustee of the William A. Noguera Revocable Trust ("Plaintiff"), alleges as follows:

## I.

## STATEMENT OF THE CASE

1. This is an action for injunctive relief, damages and other relief arising from (1) Defendants' copyright infringement and contributory copyright infringement under 17 U.S.C. §§ 101 *et seq.*; unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1); and unlawful, unfair, and fraudulent business practices under California Business and Professions Code § 17200 *et seq.*

2. Defendant David Ferguson ("Ferguson") is a former representative of the artist William A. Noguera ("Noguera") and is the founder of Defendant the Institute for Unpopular Culture ("IFUC"), a suspended corporation, which operates a website at www.ifuc.org through which Fergsuon advertises and sells reproductions of copyrighted works created by Noguera and owned and held by Plaintiff.  Defendants are displaying and offering for sale copies of Plaintiff's copyrighted works without permission and are engaging in other misleading, unlawful, unfair, and fraudulent acts on the IFUC website.

## II.

## THE PARTIES

3. Plaintiff is trustee of the William A. Noguera Revocable Trust (the "Trust"), created by Noguera for the benefit of Noguera's son.  The Trust was validly established pursuant to the laws of California.  Plaintiff is the owner of numerous original works created by Noguera and registered with the Register of Copyrights that are the subject of this action.  Plaintiff owns the exclusive rights and privileges in and to the copyright of such works.

4. Non-party, Noguera is an inmate at the San Quentin State Prison in San Quentin, California.  Noguera has been a participant in the San Quentin State Prison handicraft program for 25 years.  During that time, Noguera has created a substantial body of wholly original artwork that is copyrightable subject matter under the laws of the United States.  Noguera's artistic skill has earned him significant praise and critical attention.

310535941.4                                2

COMPLAINT

5. Plaintiff is informed and believes that Defendant Ferguson was, at all times material to the events underlying this Complaint, a resident of San Francisco County, California.

6. Plaintiff is informed and believes that Ferguson founded and continues to operate IFUC, which at all times material to this Complaint was registered with the County of San Francisco, California. Plaintiff is informed and believes that IFUC was originally formed in 1989 as a non-profit 501(c)(3) corporation but has subsequently changed its form. IFUC's corporate status is currently suspended according to the California Secretary of State's website located at kepler.sos.ca.gov.

## III.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) in that Plaintiff alleges violations of the Lanham Act and the Copyright Act and related acts of unfair competition. This Court may also exert supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a) in that they are so related to Plaintiff's Federal law claims that they form part of the same case or controversy.

8. Venue in this District is proper pursuant to 28 USC §§ 1391(b) and 1400(a). Plaintiff is informed and believes that Defendant Ferguson is domiciled in this District. Plaintiff is informed and believes that Defendant IFUC maintains its principal place of business in this District. Further, a substantial part of the events giving rise to this Complaint occurred in this District.

## IV.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Local Civil Rule 3-2(c), assignment of this action to the San Francisco Division of this Court is proper because a substantial part of the events or omissions giving rise to the claims occurred or had effects in San Francisco.

## V.

## **GENERAL ALLEGATIONS**

10.     In 2004, Noguera was introduced to Ferguson, founder and owner of IFUC, an organization that at the time provided various services to artists. Noguera agreed to have Defendants represent him in the exhibition of his artwork. In or around September 2007, Noguera terminated his association with IFUC in all respects and terminated any and all rights that Ferguson or IFUC may have had to display any of Nogeura's works.

11.     Noguera has created numerous original works of art, including works entitled "Samo"; "Under Nails"; "Anna May Wong"; "Ghosts in the Material"; "The Divine Proportion"; "Along Came a Butterfly that Stung"; "The Spaniard"; "Opportunity and Chance"; "Jazzman"; "Adam's Eden"; "The Ballad of Raphael"; "Crossing Cassandra"; "Gracing Filcol"; "To Lie in Amsterdam"; "A Stone for Edmund Dantes"; "Without Voices"; "Domestic Policy"; "Sensing Adolf – Self Portrait"; "Voices Carry"; "Achilles' Last Stand"; "Little Boy Blue"; "In God's Hands"; "Far From Heaven"; "In My Time of Dying"; "Drops of Jupiter"; "La Mala Hora"; "Price"; "Slave to Love"; "Sunrise"; "Untouched Soul"; and "Einstein Perspective", aka "Perspective Einstein" (each, a "Work," and collectively, the "Works").  Each Work contains material that was developed solely by Noguera, and each Work is copyrightable subject matter under the laws of the United States.  Nogeura has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. and all other laws governing copyright with respect to the Works and obtained Certificates of Registration for each Work. Noguera thus secured the exclusive rights and privileges in and to the copyright of the Works.

12.     On November 1, 2011, Noguera assigned his ownership of the copyrights in and to the Works to the Trust (the "Assignment"). Noguera filed the Assignment with the Register of Copyrights and, on December 22, 2011, received a Certificate of Recordation of the Assignment, identified as Volume 3611, Document Number 802.  (A copy of the December 22, 2011 Certificate of Registration is attached as <u>Exhibit A</u>.)  Thus, Plaintiff has secured ownership of the valid copyright to the Works.

13. Plaintiff promotes Noguera's stature as an artist, is the exclusive representative of Noguera with respect to his visual art and is responsible for enforcing all rights in the Works.

14. Despite the fact that Noguera terminated his relationship with IFUC and any rights it previously had to display his works in the course of representation, the IFUC website found at www.IFUC.org (the "Website") is currently displaying duplicate images of the Works, the copyrights of which are owned exclusively by Plaintiff.

15. In addition to several infringing images displayed on the Website's homepage, another section of the Website consists of several webpages dedicated entirely to Noguera and his art (the "Noguera Site"), which the viewer can reach through a link labeled "William Noguera" under the header "Our Artists".  (*See, e.g*, http://www.ifuc.org/links.html and http://www.ifuc.org/noguera.html.)  The background image on each page of the Noguera Site is an infringing copy of a Noguera-authored piece entitled "Anna May Wong," to which Plaintiff owns the exclusive copyright, accompanied by Noguera's name in large letters above.  Further, the Noguera Site contains a gallery comprised of duplicate images of each of the Works (the "Gallery").  Each image in the Gallery is embedded with a link to another, individual webpage displaying an enlarged copy of such image.

16. Another page on the Noguera Site purports to offer for sale originals and prints of 19 of the Works (the "Sales Page").  (*See* http://www.ifuc.org/noguerasales.html.)  Each listing consists of an image of the respective Work accompanied by its title and a link labeled "Add to [Shopping] Cart," which directs the viewer to a webpage entitled "William Noguera Limited Edition Prints" on PayPal.com, an e-commerce payment processing website.  The Sales Page purports to offer prints at two different price points: $500 for "authenticated and numbered" prints, and $150 for numbered prints.

17. In addition, nearly every copy of Mr. Noguera's Works displayed on the Website, including every image in the Gallery and on the Sales Page, is accompanied by a false statement that IFUC owns the copyright to such work.

18. Further, the homepage of the Noguera Site contains a narrative describing Noguera, his background, and the circumstances by which he came under the representation of

IFUC.  The use of this narrative in the context of a Noguera-dedicated subsection of the IFUC website, under the umbrella of "[IFUC's] Artists," is another element of Defendants' scheme to misrepresent to the public that they maintain an association with, or endorsement by, Noguera and Plaintiff, as owner of the copyrights to Noguera's Works.

19. Despite the fact that Defendants no longer represent Noguera and have no rights to the Works, they continue to exhibit and offer them for sale through the Website in an unfair, unjust, and misleading effort to direct customers to IFUC, sell unauthorized copies of the Works, and usurp Noguera's goodwill for their own benefit.

20. Further, Defendants induce or encourage all Website visitors to infringe on Plaintiff's copyrights in the Works in that the IFUC webpages displaying copies of the Works are necessarily downloaded or "cached" from the IFUC website – and thereby copied – to the random access memory of users' computers.

21. On May 1, 2014, counsel for Plaintiff sent a letter pursuant to Section 512 of the Digital Millennium Copyright Act (17 U.S.C. § 512) to non-party, HostRocket.com, Inc. ("HostRocket"), the entity that Plaintiff is informed and believes hosts the Website.  Plaintiff's counsel notified HostRocket of the above incidents of unauthorized use of the Works.  Although HostRocket subsequently disabled public access to the infringing material identified in the May 1 letter, Plaintiff discovered on or around October 17, 2014 that HostRocket, without notifying Plaintiff, had reinstated all such infringing content.

22. On November 19, 2014, counsel for Plaintiff sent another letter to HostRocket, advising HostRocket that it had failed to comply with the "notice and takedown" procedures of DMCA§ 512 by reinstating the infringing webpages without prior notice to Plaintiff and demanding an explanation of its decision to do so.

23. In response to the November 19 follow-up letter, HostRocket delivered to Plaintiff's counsel a copy of a letter it had previously received from Ferguson, dated September 15, 2014.

24. Ferguson's September 15 letter to HostRocket states, under penalty of perjury, that he has "a good faith belief that this material was removed or disabled [from the IFUC website] in

error as a result of mistake or misidentification of the material." In the letter, Ferguson also consented to the jurisdiction of this Court and to service of process by the Trust. (A copy of Ferguson's September 15, 2014 letter to HostRocket is attached as <u>Exhibit B</u>.)

25. On December 1, 2014, counsel for Plaintiff sent Ferguson a letter rebutting the assertions in Ferguson's September 15 letter and demanding that Defendants cease and desist from their unauthorized use of the Works. Ferguson failed to respond to the December 1 letter, and Defendants continue to engage in the direct and contributory infringement of Plaintiff's copyrights in the Works, misleading representations of fact regarding Noguera and the Works, and other unfair business practices.

26. Defendants' deliberate infringement of Plaintiff's copyrights and the misrepresentations by Defendants regarding their association with Noguera have greatly and irreparably damaged Plaintiff, and Defendants will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law.

27. Plaintiff has been, and continues to be, injured by the misleading statements and inferences on the Website that IFUC enjoys a business relationship with Noguera and is authorized to sell reproductions of the Works, which are likely to deceive the consuming public into purchasing unauthorized copies of the Works from IFUC and to lessen the goodwill which Noguera's art and reputation enjoy with the public.

28. The continued unauthorized use by Defendants of the Works in spite of Noguera's termination of their relationship, and in spite of the subsequent demands to cease such activity, is willful, wanton, malicious, and oppressive, and is intended to cause injury to Plaintiff.

## FIRST CAUSE OF ACTION
## FOR COPYRIGHT INFRINGEMENT

29. Plaintiff hereby incorporates by reference the statements and allegations contained in paragraphs 1 – 28 as if fully stated herein.

30. Each of the Works is an original copyrightable work. Plaintiff owns all rights, title, and interest in the copyright of the Works, has complied in all respects with 17 U.S.C. § 101 *et seq.*, and secured the exclusive rights in the Works through the Copyright Office in accordance with its rules and regulations.

31. Defendants have infringed and are infringing the copyrights of Plaintiff by unlawfully reproducing, publicly displaying, and marketing copies of the Works in violation of the United States Copyright Act, 17 U.S.C. § 106 *et seq*.

32. Plaintiff is entitled to an injunction restraining Defendants and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

33. Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful acts as alleged above. The amount of such damages cannot be determined at this time. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages it has obtained as a result of its wrongful acts as alleged above. At present, Plaintiff is unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of its acts of copyright infringement. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
## FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 33 of this complaint as if fully set forth herein.

35. By virtue of their wrongful conduct alleged above, including by publicly displaying copies of the Works on the Website, Defendants are inducing or encouraging third parties to infringe on Plaintiff's copyrights in that every viewer of one of the Works on the Website necessarily creates a copy of such Work that is downloaded or cached on to the viewer's computer.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36. Through their conduct alleged above, Defendants have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and materially contributing to the above-described unauthorized copying of, and infringement of, the Works.

37. The infringement of each of Plaintiff's rights in and to each Work constitutes a separate and distinct act of infringement.

38. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiff.

39. Defendants' conduct, as averred herein, constitutes contributory copyright infringement of Plaintiff's copyrights and Plaintiff's exclusive rights under copyright in violation of Sections 106, 115, and 501 of the Copyright Act, 17 U.S.C. §§ 106, 115, and 501.

40. As a direct and proximate result of the contributory copyright infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

41. Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Plaintiff is informed and believes, and on that basis avers, that such statutory damages shall exceed $150,000.

42. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

43. Defendants' conduct, as herein described, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further contributory copyright infringements of Plaintiff's copyrights.

## THIRD CAUSE OF ACTION

## FOR VIOLATION OF THE LANHAM ACT

44. Plaintiff hereby incorporates by reference the statements and allegations contained

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

in paragraphs 1 through 43 as if fully stated herein.

45. The Website tends to represent falsely that IFUC and its products and services are affiliated, connected or associated with, or sponsored or approved by, Noguera, that IFUC owns the copyrights to the Works, and that IFUC is authorized to sell the Works, in violation of Section 43(a) of the United States Trademark Act (15 U.S.C. § 1125(a)).

46. Defendants' misrepresentations have injured Plaintiff through a lessening of the goodwill Noguera's artwork and reputation (and, by proxy, Plaintiff's representation of Noguera) enjoy with the public and, in all likelihood, by Defendants' sale of the Works in spite of Plaintiff's exclusive copyrights. Further, Defendants' acts have resulted in their unjust enrichment in an amount to be proven at trial.

47. Defendants' wrongful acts involve goods or services that are offered in interstate commerce.

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF CAL. BUS. & PROF. CODE § 17200

48. Plaintiff hereby incorporates by reference the statements and allegations contained in paragraphs 1 through 47 as if fully stated herein.

49. The numerous offenses committed by Defendants on the Website as described above -- including, but not limited to, its unauthorized display of the Works, its advertisements for the sale of the Works, its use of Noguera's name and likeness in connection with the Works, and its systematic appropriation of Noguera's goodwill -- are unlawful, unfair, and fraudulent business practices under California Business & Professions Code section 17200 *et seq*.

50. Plaintiff is entitled to an injunction under Business & Professions Code section 17200 *et seq*. restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in further such unlawful conduct.

51. Defendants' unlawful, unfair and fraudulent business practices have resulted in their unjust enrichment in an amount to be proven at trial.

310535941.4

10

COMPLAINT

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;

2. For restitution for Defendant's unfair, unlawful and fraudulent business practices under California Business & Professions Code section 17200 *et seq.*;

3. For an accounting of all gains, profits, and benefits derived from Defendants' acts of direct and contributory infringement, unfair trade practices and unfair competition;

4. That all gains, profits and advantages derived by Defendants from their acts of infringement, unfair trade practices and unfair competition be deemed to be held in constructive trust for the benefit of Plaintiff;

5. For a permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively:

   a) From directly or indirectly infringing the Plaintiff's copyrights in the Works;

   b) From using, publishing, selling, marketing, or otherwise disposing of any copies of the Works; and

   c) From doing any act or thing likely to confuse, mislead, or deceive others into believing that Defendants or their products or services, emanate from, or are connected with, sponsored by or approved by, Noguera or the Trust;

6. That Defendants be required to deliver up for destruction of all infringing copies of the Works and all plates, molds, and other matter for making such infringing copies;

7. For statutory damages pursuant to 17 U.S.C. § 101 *et seq.*;

8. For an award of Plaintiff's attorneys' fees incurred herein under 17 U.S.C. § 505 and 15 U.S.C. § 1117(a);

9. For costs of suit incurred herein;

10. For exemplary and punitive damages; and

11. For such other and further relief as the court may deem proper.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
2  Dated:    March 20, 2015              MANATT, PHELPS & PHILLIPS, LLP
3
4                                        By:   /s/   William T. Broome
                                               William T. Broome
5                                              *Attorneys for Plaintiff*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all issues triable by a jury.

Dated:    March 20, 2015          MANATT, PHELPS & PHILLIPS, LLP


By: ___/s/  William T. Broome___
       William T. Broome
       *Attorneys for Plaintiff*